Reese, J.
delivered the opinion of the court.
The complainants are the creditors of William Henson, and filed this bill to subject his equitable interest in a tract of land purchased by John Henson and the said William, from Mclver. The purchase at the time it took place was a joint one, and each was to pay one half of the price. A bond to convey the land was given to them by the vendor; and John and William entered into possession of the land under' their equitable title, *50 and took possession of it severally, each of his own portion, having made a parol partition and a division line between them, and their possessions thus continued. John Henson having paid much the larger portion of the consideration, took a deed of.conveyance to himself alone for the entire tract from the attorney of Mclver, either for his indemnity, or because he wished to become owner of the entire tract.
An account has been taken of the claims of the complainants, and of the excess of the payment of the price by John Henson, and the Chancellor decreed that William’s equitable title in the moiety of the tract possessed by him should be sold, and the proceeds be applied, first to satisfy'the claim of the complainants, the creditors of William, and then to the defendant, John Henson, for his claim, for having bought and paid for the land of William. This priority is clearly wrong. The priority in justice and reason is obviously the other way. The legal title is in John Henson, and to divest that without refunding the consideration, would be quite as unjust as to sell any of his other property to pay the debt of his brother William Henson.
The priorities of the Chancellor’s decree must be exactly reversed; and for that purpose, and to that extent the decree is hereby reversed.